The case on the docket is 5-18-0570. It's People v. Lee. Counsel, may I proceed? Excuse me a moment. I thought we were going to take a break. Can we just pause for a minute? Good morning. I'm Patrick Daly. I'm here on behalf of the state. This is an appeal by the state from a ruling of the circuit court granting, excuse me, denying the state's motion to admit evidence under 725 ILCS 5-115-10, which allows for, of course, statements made by minor victims of sexual-related prosecution. There are really kind of two principal issues in this case, one of which has to be decided first before we can get to the second issue, and I don't know if this Court has jurisdiction to consider this appeal at all. Interestingly, and perhaps surprisingly, it appears to be a novel issue. Neither I nor opposing counsel have found a case, I think, directly on point with regards to the appealability of these orders, and I do think there are some interesting issues here that raise a question about this Court's power to hear this, so I wanted to discuss that first. All state appeals are brought under the auspices of Supreme Court Rule 604A. Among the bases on which the state can bring an appeal under that rule is an order of the court which has the substantive effect of suppressing evidence. In 2000, the Supreme Court decided People v. Drum, which kind of laid the framework for what that means under the rule. It departed from the notion that the substantive order suppressing evidence means it has to be some constitutional basis, but rather any pretrial order which has the functional equivalent of preventing information from being presented to the finder of fact, which can be motions eliminated or granted as long as they're pretrial. So to the extent that that criteria plays into the appealability of this order, certainly the Court's exclusion of the state's attempt to admit recorded interviews of the two minor victims of issue in this appeal is going to prevent a trial or a fact ultimately from having that evidence placed before them. But the second question and the thornier question that has to be answered, however, really relates to going back to when the first case is truth. And it's the notion that is an order appealable if the state has other means by which it can present the evidence that it's seeking or is appealing from, exclusion from, to present a trial? In other words, if the state can present this evidence through some other means, then there's not jurisdiction for the appellate court because there's not technically an exclusion of suppression of evidence at issue. Well, in a superficial sense, that is maybe the first problem that we have. Here we have, as a necessary predicate to foundation, is the presentation of live testimony of these individuals or a showing of their unavailability. So they would have to testify in any future proceeding. So by the fact that they're going to be either testifying or subjected to cross-examination, do we have now in those recorded interviews simply just a substitute for their in-court testimony, or does it provide, is it actually a separate type of evidence which would allow it to appeal under Rule 603? The answer is a little unusual in that you really have four witnesses. There are two who are the subject of this particular motion, and there are two older children who are not subject to the statute. Correct. Does this in any way indicate a stronger case that there is a substitute way of presenting the testimony? Without really knowing what those other children's testimony would be, there were three videos at play here. The court were not appealing at their video. There is, I think you'll see if you look at the videos, some, particularly the older children, a little bit of kind of everyone knew what was going on instance of it. So that may be the case. Right. Okay. If that's the case, then wasn't it incumbent upon the state to point that out to the trial judge? If they thought that there was some deficiency, if they thought that there was something unique about what was in this tape that had to be played and that a substitute would not really comply with what they were trying to prove, why wasn't there an effort on the part of the state to let the trial judge see this? I don't dispute the state could have done a much better job of probably laying out the rationales for admission of the evidence. At the time that the court made its ruling, it appeared to be largely a matter of here's the tape, QED, and that's obviously not the best way to argue a case. And I think I should emphasize, Justice Wharton, that we're not necessarily saying at this point that this court should from the bench rule that the statements are admissible. The principal thrust of our argument as far as the substantive issue is concerned is that the concern that appears at the court's ruling was being really without regards to the circumstances of the public. Well, it wasn't. I mean, this was a ruling from the bench. This was not where the judge sat down and, okay, I'm going to get all the four corners of this particular case. You know, he's under the gun and he looked at the evidence. And I'm not so certain that looking at the judge's statement where the judge said, I believe that I have to take into consideration the other statements and then view the tape from that particular perspective, that what the court was really saying is I want to look at the totality of the circumstances. I have a case here that's kind of unusual. It's factually unusual because I believe that there was a year between the last reported incident. That's correct. And then the report of this. And then once the report was made, there was a several-week period before this tape of the subject of this particular hearing was ever made. Also, there is an indication that at least one of the older children had made an improper or incorrect statement about the defendant in this case, accusing him of doing something he didn't do. Now, the alleged reason for this was that she was protecting a younger sister. But the judge had to have that on his mind, well, what's going on? He had to wonder, what happened in that year? Is this the only statement? Now, just from my perspective, the state didn't even indicate to him, well, Judge, there are no other statements that you should be concerned about. Yeah. And your points are obviously very, very well spoken, Your Honor, and I agree. In a sense, then, when we get to the judge's ruling, really the state's position resides principally upon the characterization of the court's ruling itself and its consideration of the evidence without looking at the circumstances of the making of the statements themselves. It's one of the challenges, of course, is we can say, well, here's the judge taking into consideration the totality of the circumstances when the court says, well, we don't know when was it first reported, who was it reported to, and what was said. But I think that if you look at the totality of the court's ruling, which has no reference at all to the circumstances of these statements that are being made, and remember, the statements that are issued here are the ones that are not recorded. They're not statements that are made, you know, in a different context or to different people, okay? Now, you're saying, then, that in all cases of this nature, that the court is confined to what it views in the tape, the video, audio tape, and to then assess the reliability of what it sees there. I think that what I'm saying is correct, that when you look at the statute, the language of the statute, its determinations for reliability relate to the circumstances that relate to the making of the statement itself. Now, a lot of that is, and I do want to say, and I don't want this to become an issue at some point, I'm not saying that what the court is saying here necessarily is immaterial to the determination. What we're saying is that it appears that the court found that the absence of the evidence necessarily requires the exclusion of this because the judge is saying, well, I have nothing to compare these statements to to know whether they're reliable. Therefore, I don't think that they are admissible. And what we have here, I think that this court has the statements in front of them. You can see, and we're not, again, asking this court to have them admitted, but we think that there are at least adequate evidence in these videos to show that they meet the criteria for admissibility as the statute is set out for determining, you know, the use of proper terminology, the nature of appropriate terminology, spontaneity, lack of leading questions, things of that nature. And it appears that from the court's order, at least from our perspective, Your Honor, is that the court is saying, well, you got the tape and that's well and good, but you didn't tell me what else they said at another time. And all we're asking is that the court be required to at least reconsider this in view of also the totality of the circumstances of the making of the statements themselves, which clearly the court did not take any consideration into. Well, I believe it was K.L., the Supreme Court case. The statement was made that each case is sui generis. There may be cases where the trial court looked at the tape and said, hey, from what I see here, I believe there's clear and permissive evidence that this tape is reliable. There are going to be other cases that I've seen where the court used extraneous considerations from the tape to determine that there was a liability. Now, the Fifth District case where the court spoke not of what was in the tape, but of how the witness was handled to ensure that there was no interference with her right to give truthful testimony. What about that? I mean, doesn't it depend upon the case as to what the trial judge looks at and determines it necessary to, in the totality of the circumstances, determine that this is indeed something reliable that the jury is going to see? Well, if I could just conclude this answer, Your Honor. If indeed each case is sui generis, and I agree with you wholly, that augments my argument rather than diminishes it because what we're arguing here is that how do we assess this case at some point either at the trial court level or later on appeal for its sui generis nature when the court has refused apparently or at least not taken into consideration the circumstances of the making of the statements themselves. Every making of a statement is sui generis because every interview is different and every child's responses are different, and the manner in which those questions and answers are made during the making of the statement stand by themselves as sort of the substance of their reliability. But we don't have the court here apparently attentive to that because it's been found as really as a threshold matter and we have evidence concerning what other things that they say at other times. We're only asking this court re-manifest so that these full determination of the evidence can be made and then the court can make its own defense. I'm sorry. Thank you very much. Good morning, Your Honors. May it please the Court, Counsel Richard Whitney for the Defendant Apolli Ray G. Lee. Your Honors, I'll be happy to talk about the merits of the Court's ruling and whether or not it abused its discretion, which is the correct standard of reviewing that. But I submit first that we don't even get there because this Court does not have jurisdiction to hear the matter. I must disagree with opposing counsel when he says that there are no controlling authorities for this. I believe that the cases cited, Drum, Truitt, and KEF, are indeed controlling authority because what they hold is that evidence is only suppressed when they prevent the information from being presented to the fact finder. And there is nothing in this record to indicate that the same information cannot be presented to the fact finder. The same two young girls can testify live. They can present the same information. They can even review the tape before they testify. There's nothing preventing that. There's nothing preventing the information from being shared. Now the State, in its brief, does cite to the case of People v. Bowen, Illinois Supreme Court case, which did talk about the unique corroborative nature of this kind of taped evidence that the State wants to see admitted. However, first of all, Bowen was not an interlocutory appeal. It did not address the jurisdictional question. It was not concerned with that whatsoever. Secondly, I point out that in stressing the unique corroborative nature of this type of evidence, that's basically saying we're talking about the same information. Because after all, what is corroborative evidence? It means the same evidence, the same information is being presented, but it's being presented in a different way or from a different source. That's what corroboration means. So yes, while it is true that this type of evidence that's allowed under Section 11510 does play that role, the Supreme Court did not say, well, this is unique information. It serves a unique corroborative purpose. There is nothing preventing this information, the State from presenting the same information. In addition, one of the issues in Bowen, one of the reasons why the Bowen Court found this information so important, was because it was concerned about the possibility of memory loss between the time of the abuse and the time of trial. So videotaping it would help preserve that, presumably because it would still be fresh on the child's mind. Right? Well, we don't have that in this case because there was not one year but a 15-month gap between the last instance of reported abuse and the time of the interviews at the Child Advocacy Center. So the idea that while we're preserving something that's fresh doesn't even obtain in this case. So that aspect of the Bowen rationale clearly does not apply here. But in any event, I just don't think the State has overcome its burden here. Mr. Whitney, the State cites Brindley, so why doesn't Brindley apply to suppression? Because in Brindley you did have unique information that could not be otherwise presented to the Court. The recordings at issue in Brindley were actually recordings of the offense as it was taking place. That's clearly unique because you're not going to have the same impact from the confidential source speaking about it later. But we don't have that here. We don't have a recording of the offenses taking place. What we have are recordings of the alleged victims relating what they allege happened to them. They can still allege the exact same things as live witnesses at trial. And if there is some manner of burden that would prevent them from doing that, certainly the State did not show that here. In addition, I do think to the extent we may want to delve into the merits a little bit, I do want to emphasize that what the Court said in its ruling was, yeah, it did say, well, all we have here is a CAC interview. But the Court goes on to say, I don't know how many times the girls spoke about it. I don't know who they spoke to. I don't know what they said, when they talked about it. And without that, I can't determine that it's similar or reliable. So it's important to get the whole context of the Court's statement here. All of what the Court said is correct. We have nothing to go on here. All we know is that these alleged victims' older brother reported to the police at some point in early November. That's as specific as it gets. And that the older of the two children, T.C., made a statement to police at some point in which he said basically she made it up, you know, that he touched my butt. And then she says right there in the tape, well, he didn't actually touch my butt, but he came close. That's what she says in the tape. We don't know when that happened. We don't know, was this the same time that the brother reported it? When did she make this statement to police? What police officer was it? The State complains here that it had, you know, that it had no power to present this kind of testimony. Well, it did have an officer that filled out the affidavit that the things occurred on November 18th. Why wasn't that officer questioned? Why couldn't the State have questioned that officer? Or whatever police officer that T.C. had made the statement to, why couldn't they put that police officer on? So for the State to argue, well, we had no power to introduce more of this evidence, I think is clearly untrue. Now, it's possible if it is true that they just didn't have any evidence other than the tape itself, well, that presents a bigger problem for them because clearly then it fails on the merits. How significant is it as far as the trial court making this ruling? And it's concerned about the statements. The fact that the interviewer, the forensic interviewer at CHC could not recall asking the eyewitnesses if they had spoken to anyone else about this. Yeah, I think that's tremendously significant, Your Honor, because, you know, the State is arguing, well, consider the tape itself. Well, fine, go ahead and consider the tape itself. It still doesn't answer the questions here of when this was reported and to whom and when what was said. You don't have none of that context here. So, yes, by all means, go ahead and look at the tape. It still doesn't answer the questions that need to be answered before you can admit this type of evidence under Section 11510. You know, we have, and I know the State cited to this work case, but we have less information than the court had in its work. We don't know. We don't know whether IH and TL, the two alleged victims, ever reported the alleged abuse on their own at all. And if so, other than one false statement that was made at some point, and if so, when that occurred, what opportunities there might have been for someone else to coach them. The interviewer never asked about whether they were coached, whether anyone told them what to say. And you have this whole 15-month gap at issue here as well. Now, I know the State at one point in its brief says, well, there's no proof that coaching occurred, but it cites to the record at R62 on that point, and all that is is the interviewer, Don Wright, saying that no one at the CAC had coached them. That's not proof that no one had coached them. So you have too many unanswered questions, Your Honor, about whether there were opportunities to coach, what the mother might have said to them, what the other children might have said to them. You know, we have none of this, and that was the court's problem in this case, and why I think that this case is controlled by cases like KEF, where the State had presumably had the means to provide this context and simply declined to do it. Again, it did call one police officer, but didn't ask that officer the relevant questions. We don't even know who the other officer that TC spoke with. So for all of these reasons, again, Your Honor, I submit that we don't even have jurisdiction, but if we do have jurisdiction out of an abundance of caution, then clearly the court did not abuse its discretion and made the right call given these facts. Thank you, Your Honor. Thank you, Your Honor. Your Honor. Thank you, Your Honor. There's something about kind of a mixing of concepts here in regards to jurisdiction and admissibility of the recording. I want to emphasize that they need to be considered separately because there's a lot of talk about, well, factors that relate to whether the tape should be admitted somehow relates to the jurisdiction of this court. I don't and cannot subscribe to the notion that evidence that is presented whose salient purpose is described by the Supreme Court is to provide an evidentiary tool for a trier of fact apart from the testimony of an individual whose recollection, ability to testify, et cetera, may be impaired by the usefulness as corroborative evidence somehow equates in any context. Clearly, the purpose of it is to provide additional evidence whose reliability stands on the basis of its, you know, its admission into evidence after the court makes the requisite findings as separate evidence that is going to be used by the state to prove its case. To go by the defendant's argument here, you would have to be able to comfortably say that if the state had gone to trial without that evidence in the recording and simply had the victim, who then gets on the stand and frees us, anyone who's done anything about juvenile cases has seen this happen involving juvenile victims, the state's left with nothing. And that's exactly the purpose of the statute is to give the state that additional evidence at its disposal. So to say that this is not excluding evidence is just simply fallacious. So I do believe that this court has jurisdiction to consider this appeal. Now, again, I know I've said this a couple of times and I'll emphasize it once again. Counsel makes very good arguments, I think, with regards to the recording. There are lots of arguments that can be made for and against. I think our principal concern here is not necessarily to decide from this bench the admissibility of the recording. The concern is that the court, who has the primary and principal and initial obligation to determine its admissibility, did it abuse its discretion when it did not properly consider the making of the statements themselves. The court may ultimately, I mean, find a lot of these factors when looking at the recording or questions that were or were not raised or answers that the interviewer could not give, weighed heavily upon the reliability of the statement itself as it's being made. The court didn't take those into consideration. It's simply what we're asking the court to do. So, you know, I could flail about here and make all sorts of lengthy arguments about, well, you've got this, you've got that, you've got that. I've essentially just laid out the framework of the statements to show that they do at least are admissible in the sense that they have, you know, factual contents that would meet the requirements of the statute. But we're asking that the trial court make that determination in the first place and not this Court. And that's all we're asking this Court to do. What about, you know, the Supreme Court case, and then we have a Fifth District case citing it. And I can't recall either of those. But they basically say that the trial court is not required to make specific findings. It's not required to make specific findings. In fact, interestingly enough, in this case, the State of Florida made no findings at all. And a lot of that flows from, I think, the presumption that trial courts no improperly apply the law. But the corollary's equally true, where the court does make statements and it's apparent from the court's statements that the court did not properly apply the correct standard for evaluating elements. Then this Court has the power to require the court to do so. Was it incumbent upon the State, which has the burden in this case of establishing jurisdiction, to either make an offer of proof or do something to the trial court to indicate that this discreet corroborative evidence, as I think is quoted in the brief, is just that? Now, we can extrapolate or we can guess that this would have been needed evidence. We don't know that. But, you know, what does the trial court have to guide itself when the State basically just says, I'm going to have an interlocutory appeal, instead of saying, Judge, let me guide you. Here's what we've got. We believe that we have this particular evidence that the tape is going to corroborate and makes this a necessary situation rather than one where we can just put the witness on the stand and the evidence can be produced. Yeah. Well, I don't know if the State has the burden of proving jurisdiction. I think jurisdiction is jurisdiction, which the court has to take up, even if no one raises it as far as the parties are concerned. I don't think that the State is obligated to point out to the court discreteness of the evidence because the principle of it, as it relates to really the thrust of my argument, is that the character of the evidence itself constitutes its discreteness for purposes of assessing jurisdiction. And, again, we don't want to mix the apples and oranges here of jurisdiction and of disability. So that's why I sort of break it out into those two separate categories. Thank you. Thank you, Your Honor. Thank you very much.  Thank you, Your Honor.